UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDWIN MOLDAUER,**<br><br>Plaintiff,<br><br>v.<br><br>**CONSTELLATION BRANDS INC, <u>et al.</u>,**<br><br>Defendants. | Case No. 14-cv-01984 (CRC) |

## MEMORANDUM OPINION AND ORDER

Edwin Moldauer filed four unsuccessful whistleblower complaints with the U.S. Department of Labor ("DOL") alleging that he was terminated for accusing his former employer, Constellation Brands, of accounting fraud. He now brings suit in this Court, claiming that Constellation owes him 13 years of back-pay because it never actually fired him. He also asks the Court to reinstate his whistleblower allegations, which DOL dismissed at the administrative level as untimely. And he seeks to amend his complaint to add further claims against Constellation and DOL and new claims against the Federal Trade Commission ("FTC"). Because the Court lacks subject-matter jurisdiction over Moldauer's claims directed at DOL and lacks personal jurisdiction over Constellation, it will dismiss Moldauer's complaint. Because Moldauer's proposed amendments to his complaint would ultimately prove futile, the Court will also deny his motion to amend.

**I.    Background**

Constellation Brands, Inc., a wine and spirits producer, hired Edwin Moldauer in 2000 as a senior cost analyst at the Mission Bell winery in Madeira, California. Compl. ¶¶ 5–7. Moldauer alleges that he was "posted away" from that position in late 2002 and has not received a paycheck from the company since. Id. ¶¶ 14–16. The timing of Moldauer's new "posting" happens to

coincide with a California state criminal complaint and bench warrant issued against him for alleged theft of trade secrets. Constellation Ex. 21 (Complaint, People .v Moldauer, CR 1424 (Dec. 31, 2002)). Moldauer left the country—he is not a United States citizen, although it is unclear from the parties' various filings whether he is a citizen of Australian, New Zealand, or Israel—and currently resides in Israel. Compl. ¶ 1.

Moldauer has filed four whistleblower complaints with DOL against Constellation under the Sarbanes-Oxley Act of 2002, Pub. L. 107–204, 116 Stat. 745 (July 30, 2002). Compl. at 5. Notwithstanding that he now alleges that he is owed his yearly salary for the last 12 years, in each of these complaints he alleged that he was terminated in 2002 because he complained of accounting fraud. Moldauer v. Constellation Brands, Inc., ALJ No. 2014-SOX-035, slip op. at 2 (Oct. 20, 2014) (collecting cases). All of Moldauer's complaints were dismissed by DOL as untimely. Id. at 2–3; Moldauer v. Canandaigua Wine, Co., ARB No. 04-022, 2005 WL 4891658 (Dec. 30, 2005).

After his latest administrative complaint was dismissed, Moldauer filed this suit against Constellation and DOL, alleging that Constellation owes him back-pay and requesting that the Court review his whistleblower claim. DOL has moved to be dismissed from the case, contending that the Court lacks subject-matter jurisdiction to entertain a suit to review its administrative decision. Constellation also has moved to dismiss for a host of reasons, including lack of personal jurisdiction, improper venue, that the action is time-barred, and that Moldauer signed a release shortly after his termination.

After the defendants filed their motions to dismiss, Moldauer moved to amend his complaint. In his proposed amended complaint, he seeks to add new claims against Constellation for breach of contract, defamation, libel, malicious prosecution, and harassment, among others. He adds claims for defamation, libel, "breach of privacy," and "failure to provide legal protections" against DOL for issuing the decisions dismissing his various whistleblower actions. He also seeks

to name the FTC as a defendant. In 2009, that agency brought administrative charges against Constellation for allegedly making misrepresentations about a product called "Wide Eye." Compl., Matter of Constellation Brands, Inc., No. C-4266 (Jun. 10, 2009), available at https://www.ftc.gov/sites/default/files/documents/cases/2009/10/091006cbcmpt.pdf. Moldauer submitted an objection to the FTC's eventual settlement with Constellation, which the agency published pursuant to the Commission's Rules of Practice, 16 C.F.R. § 2.34. Letter from Donald S. Clark, Secretary, FTC, to Edwin Moldauer, Oct. 2, 2009, available at https://www.ftc.gov/sites/default/files/documents/cases/2009/10/091006edwinmoldauerletter.pdf. Moldauer contends that publishing his letter placed him in a false light and violated his right to privacy.

## II.     Standard of Review

When a defendant raises a challenge to the court's jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the plaintiff must establish by a preponderance of the evidence that the court has subject-matter jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). The court assumes the "truth of all material factual allegations in the complaint and 'construe[s] the complaint liberally, granting [the] plaintiff the benefit of all inferences that can be derived from the facts alleged.'" Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting Thomas v. Principi, 394 F.3d 970, 972 (D.C. Cir. 2005)). The court, however, gives the "plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim." Byrum v. Winter, 783 F. Supp. 2d 117, 122 (D.D.C. 2011) (citing Macharia v. United States, 334 F.3d 61, 64, 69 (D.C. Cir. 2003)). Also unlike a motion to dismiss under Rule 12(b)(6), "the district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." Jerome Stevens Pharm., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

Faced with a motion to dismiss under Rule 12(b)(2), the plaintiff also bears the burden of establishing a factual basis for the court's exercise of personal jurisdiction over the defendants. Crane v. N.Y. Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir. 1990). The court again may consider relevant material outside of the pleadings. Jung v. Assoc. of Am. Med. Colls., 300 F. Supp. 2d 119, 127 (D.D.C. 2004). But all disputed issues of fact are resolved in favor of the plaintiff. Crane, 894 F.2d at 456. "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). While the court must "assume [the] veracity" of any "well-pleaded factual allegations" in the complaint, conclusory allegations "are not entitled to the assumption of truth." Id. at 679.

### III. Analysis

DOL contends that the Court lacks subject-matter jurisdiction to consider the administrative decision dismissing Moldauer's most recent whistleblower complaint. Constellation, meanwhile, maintains that the Court lacks personal jurisdiction over it. Lastly, the defendants and the FTC oppose Moldauer's motion to amend the complaint, contending that amendment would be futile. The Court will address each issue in turn. Both defendants raise additional defenses to the merits of Moldauer's complaint, but because the Court determines that it lacks jurisdiction, it will not review these points.

#### A. Jurisdiction to Review Sarbanes-Oxley Whistleblower Complaint

Moldauer brought his whistleblower complaint under 18 U.S.C. § 1514A, which prohibits an employer from discharging an employee who provides information regarding potential securities fraud to a law enforcement organization or regulatory agency. A wrongfully terminated employee may file a complaint with the Secretary of Labor and, if the Secretary fails to issue a final decision

4

within 180 days, may bring an action for *de novo* review in the appropriate district court. Id. § 1514A(b)(1). The complainant may also appeal the final decision of the Secretary to the court of appeals for the circuit in which the violation occurred or in which the complainant resided on the date of the violation. Id. § 1514A(b)(2)(A); 49 U.S.C. § 42121(b)(4)(A). Outside of this appeal process, the Secretary's decision cannot be reviewed in any other proceeding. 49 U.S.C. § 42121(b)(4)(B). Though his complaint is unclear, Moldauer is either asking the Court to consider his securities fraud allegations *de novo* under Section 1514A(b)(2), or he is asking the Court to review an appeal of DOL's decision to dismiss his complaint.

If Moldauer seeks to bring his claim of unlawful discharge to the Court for *de novo* review, then DOL is not a proper party. Such an action would be brought against the public company that purportedly discharged him on the basis of his alleged whistleblower activity, or any subsidiary or affiliate organization. See 18 U.S.C. § 1514A(a). Here, the only proper defendant for such a claim would be Constellation. If instead Moldauer seeks to appeal the final decision of the Secretary that dismissed his administrative complaint, then this is not the proper court. As stated above, Moldauer could only bring an appeal of the Secretary's decision to the court of appeals where the alleged violation occurred. See 49 U.S.C. § 42121(b)(4). In this case, because Moldauer lived and worked in California when he was fired, he could only have filed an appeal with the Ninth Circuit.

Moldauer also maintains that he is bringing a claim under the due process clause, and thus need not follow the jurisdictional limitations described above. But "the mere allegation of a due process violation is insufficient to raise a colorable constitutional claim that will provide the Court with subject-matter jurisdiction." Maiden v. Barnhart, 450 F. Supp. 2d 1, 4 (D.D.C. 2006) (citing Hoye v. Sullivan, 985 F.2d 990, 992 (9th Cir. 1992)) (discussing appeals of social security decisions). "Indeed, if jurisdiction were to be sustained by mere allegations of denials of due process, 'every disappointed claimant could raise such a due process claim, thereby undermining a

statutory scheme designed to limit judicial review.'" Id. (quoting Holloway v. Schweiker, 724 F.2d 1102, 1105 (4th Cir. 1984)). Accordingly, the Court lacks subject-matter jurisdiction over Moldauer's claim against DOL as a defendant and will therefore grant the Department's motion to dismiss.[1]

### B. Personal Jurisdiction over Constellation

Moldauer also brings his Sarbanes-Oxley whistleblower claim and a claim for back-pay against Constellation. There are two types of personal jurisdiction that the Court can exercise over a defendant: specific jurisdiction and general jurisdiction. Moldauer must demonstrate either to maintain suit in this Court.

Specific jurisdiction "encompasses cases in which the suit 'arise[s] out of or relate[s] to the defendant's contacts with the forum.'" Daimler AG v. Bauman, 134 S. Ct. 746, 751 (2014) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984)). Moldauer worked and lived in California when he left his position in 2002. Moldauer describes no communications, events, or travel that occurred in the District of Columbia related to his leaving the company or the fraudulent accounting practices he alleges. All of the prior administrative adjudications of his whistleblower complaints, moreover, took place in New York. See Moldauer v. Canandaigua Wine, Co., ARB No. 04-022, 2005 WL 4891658 (Dec. 30, 2005). In short, there is nothing to tie Moldauer's allegations to the District of Columbia.

---

[1] Moldauer additionally contends that the DOL is a proper party to this suit because of a "recent revelation" that links the department and Constellation. This alleged link stems from the fact that the Court's electronic case filing system initially indicated that counsel for the government was representing all defendants in this action, including Constellation. Counsel for the government has since corrected this clerical error and certified that he has not represented Constellation in any manner. DOL's Withdrawal of Appearance at 3. There is no evidence of any connection between Constellation and the DOL.

When a corporate defendant is incorporated and has its principal place of business in another State, a court has general jurisdiction over the defendant only if its "affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum state.'" Daimler AG, 134 S. Ct. at 751 (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011)) (alterations in original). The corporation's contacts with the State must constitute "continuous corporate operations" that are "so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." Int'l Shoe Co. v. State of Wash., Officer of Unemployment Comp. & Placement, 326 U.S. 310, 318 (1945). Recently, in Daimler AG v. Bauman, the Supreme Court emphasized that a court may not exercise general jurisdiction over a defendant merely because it "engages in a substantial, continuous, and systematic course of business" in that State. 134 S. Ct. at 761 (internal quotation omitted). Here, as Moldauer acknowledges, Constellation is incorporated and has its headquarters in New York. Compl. ¶¶ 2, 5. Moldauer alleges no activity by Constellation in the District of Columbia beyond contending that the company "conducts business in the district." Opp'n to Constellation's Mot. to Dismiss at 1. This is insufficient to demonstrate that the company's operations are so substantial that it is "essentially at home" in the District of Columbia. Daimler AG, 134 S. Ct. at 751 (quotation omitted).

Moldauer contends that Constellation has submitted to the jurisdiction of the Court because it moved to intervene as a defendant in a separate, unrelated action. See Mot. to Intervene, United States v. Anheuser-Busch INBEV SA/NV, No. 13-cv-127 (Feb. 7, 2013). But voluntarily participating in a single lawsuit does not establish sufficient activity in a state to warrant exercising general jurisdiction, unless the prior and current lawsuits are substantially related. See Gen. Contracting & Trading Co., LLC v. Interpole, Inc., 940 F.2d 20, 23 (1st Cir. 1991). Here, there are no overlapping issues of fact or law between the prior case and Moldauer's lawsuit. The prior case

is an antitrust action to block a proposed merger and has nothing to do with Moldauer's leaving Constellation or his fraud allegations. See Compl., Anheuser-Busch, No. 13-cv-127 (Jan. 31, 2013). Accordingly, the Court lacks personal jurisdiction over Constellation and will dismiss all claims against it.

### C. Motion to Amend the Complaint

Finally, Moldauer has moved to amend his complaint to add new claims against DOL and Constellation, and to assert a new theory of liability against the FTC. Because Moldauer filed his amended complaint more than 21 days after the first motion to dismiss filed by the defendants, he may not amend his complaint as of right and instead may only do so with leave of court. Fed. R. Civ. P. 15(a). The Court "should freely give leave when justice so requires," id., but "'a district court has discretion to deny a motion to amend on grounds of futility where the proposed pleading would not survive a motion to dismiss.'" In re Interbank Funding Corp. Sec. Litig., 629 F.3d 213, 215 (D.C. Cir. 2010) (quoting Nat'l Wrestling Coaches Ass'n v. Dep't of Educ., 366 F.3d 930, 945 (D.C. Cir. 2004)) (alteration omitted). Determining whether a proposed amended complaint would survive a motion to dismiss is equivalent to review under such a motion. Id.

Moldauer seeks to add claims against the FTC and DOL for defamation and breach of privacy. Because these are tort claims against the government, the Federal Torts Claims Act ("FTCA"), 28 USC § 1346(b) et seq., governs his suit. E.g., Levin v. United States, 133 S. Ct. 1224, 1229-30 (2013). To bring suit under the FTCA, a plaintiff must first exhaust administrative remedies by presenting his claims to the agencies through "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim." GAF Corp. v. United States, 818 F.2d 901, 905 (D.C. Cir. 1987). Moldauer does not claim to have exhausted administrative remedies in his amended complaint, the government represents that it has received no prior notice from Moldauer regarding his claims, and Moldauer

does not dispute that he failed to exhaust administrative remedies. Accordingly, amending these claims would be futile.

As to the additional claims Moldauer seeks to bring against Constellation, none involve activity in the District of Columbia. Moldauer raises claims related to removing him from his position in 2002 and allegedly causing a California state court to issue an arrest warrant against him under false pretenses. He also alleges defamation and libel based on unspecified online publications by Constellation. Finally, he alleges that Constellation is responsible for his fleeing Australia and New Zealand, where he has been charged with, among other things, assaulting a police officer and resisting arrest. Mot. to Amend Compl. at 3. The Court need not address the legal validity of any of these claims, however, because none of them would enable the Court to exercise specific jurisdiction over Constellation for the reasons explained above. Accordingly, the Court will deny Moldauer's motion to amend his complaint as futile.

### IV.     Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that [7] Constellation's Motion to Dismiss for Lack of Jurisdiction is GRANTED. It is further

**ORDERED** that [9] Constellation's Motion to Take Judicial Notice is DENIED as moot. It is further

**ORDERED** that [20] DOL's motion to Dismiss for Lack of Jurisdiction is GRANTED. It is further

**ORDERED** that [37] Plaintiff's Motion to Amend the Complaint is DENIED. And it is further

**ORDERED** that this case is dismissed.

This is a final, appealable order.

**SO ORDERED.**

                                                CHRISTOPHER R. COOPER
                                                United States District Judge

Date:   April 3, 2015